

October 27, 2017

*Via first class mail and email*
Joel Walters
Director, Missouri Department of Revenue
Harry S Truman State Office Building
301 West High Street Jefferson City, MO 65101
joel.walters@dor.mo.gov

RE: *Compliance with Section 5 of the National Voter Registration Act*

Dear Director Walters:

On July 6, 2017, the undersigned counsel copied you on a letter to Missouri Secretary of State Ashcroft alleging that the State of Missouri is not fully complying with Section 5 of the National Voter Registration Act of 1993 ("NVRA"). Specifically, the letter alleged that certain in-person, online, and mail transactions conducted through the Missouri Department of Revenue ("DOR") fail to provide voter registration services required under the NVRA. *See* attachment 1.

The July 2017 letter provided written notice, as required under Section 11 of the NVRA, and initiated a 90-day waiting period before litigation can be commenced. 52 U.S.C. § 20510(b)(1)-(2). More than 90 days have elapsed since this letter was sent and neither Secretary Ashcroft's office nor DOR have contacted us in order to discuss how to address the concerns outlined in the notice letter. Further, as far as we are aware, none of the violations identified in this letter have been corrected.

As noted in the letter we sent to Secretary Ashcroft on October 25, 2017, the Secretary's office has taken the position that it is the sole responsibility of DOR to remedy the Section 5 compliance issues we identified in July. *See* attachment 2. We believe that both DOR and the Secretary's office must be involved in efforts to respond to the concerns raised in July. We would welcome the opportunity to sit down with DOR to begin discussions.

In order to provide DOR with time to consider the concerns raised in the July notice letter and determine how it may respond to those concerns, the undersigned counsel would like to propose setting a meeting for the week of November 20, 2017. We request that your

1

**Exhibit C**

availability that week and, if that week does not work, propose alternative dates in mid-November when you will be available. We look forward to your future cooperation.

Sincerely,

Naila S. Awan
Dēmos
80 Broad Street, 4th Floor
New York, NY, 10004
212-485-6065
nawan@demos.org

Denise D. Lieberman *
MBE #47013
Advancement Project
1220 L Street NW Suite 850
Washington DC 20005
(314) 780-1833
dlieberman@advancementproject.org
*licensed in Missouri

Sarah Brannon*
Senior Staff Attorney for Motor-Voter Enforcement
American Civil Liberties Union
915 15th Street, NW
Washington, DC 20005-2313
202-675-2337 (office)
202-210-7287 (cell)
sbrannon@aclu.org
*not admitted in DC; DC practice limited to federal court only

cc: John R. Ashcroft (by email)
    Missouri Secretary of State
    john.r.ashcroft@sos.mo.gov

    Frank Jung
    General Counsel, Missouri Secretary of State
    Frank.Jung@sos.mo.gov

# Attachment 1

 

July 6, 2017

*Via certified mail and email*
John R. Ashcroft
Missouri Secretary of State
600 West Main Street
Jefferson City, MO 65101
john.r.ashcroft@sos.mo.gov

    RE:    *Compliance with Section 5 of the National Voter Registration Act*

Dear Secretary Ashcroft:

We write on behalf of the League of Women Voters of Missouri, the St. Louis and Greater Kansas City Chapters of the A. Philip Randolph Institute, persons eligible to register to vote that these organizations represent, and others similarly situated to notify you that the state of Missouri is not in compliance with Section 5 of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20504.  As you know, Section 5 of the NVRA requires states, including Missouri, to provide individuals with an opportunity to register to vote when they conduct certain driver's license and nondriver identification card transactions with the Department of Revenue ("DOR").

Missouri is failing to fully comply with the requirements of Section 5 of the NVRA. We detail these failures below and urge you, as the State's chief election official, to take immediate steps, in conjunction with the DOR, to bring the State into compliance with federal law.

**I.    The Requirements of Section 5 of the NVRA**

Section 5 of the NVRA requires the DOR to provide individuals with an opportunity to register to vote whenever they apply for, renew, or change their address on a driver's license or state-issued identification card ("ID card"). 52 U.S.C. § 20504(a)(1) & (d); *see also* 52 U.S.C. § 20502(3) (defining "motor vehicle driver's license" to "include[] any personal identification document issued by a State motor vehicle authority").

The NVRA mandates that when an individual applies for or renews a driver's license or ID card (known as a nondriver identification card in Missouri), that application also "serve as an application for voter registration … unless the applicant fails to

sign the voter registration application."[1] 52 U.S.C. § 20504(a)(1). A voter registration application "shall" be included as part of every application for state driver's license or ID card. 52 U.S.C. § 20504(c)(1). As part of this application, the state may collect additional information necessary to register the individual to vote, but the voter registration portion of a driver's license or ID card application "may not require any information that duplicates information" provided by the applicant in other portions of the form, "other than a second signature" and an attestation of eligibility. *Id.* § 20504(c)(2).

Further, Section 5(d) of the NVRA requires that any request DOR receives to change the address associated with a driver's license or ID card must serve to automatically update the customer's voter registration information unless the customer affirmatively opts out. *Id.* § 20504(d) (noting that such change-of-address forms "*shall* serve as a notification of change of address for voter registration . . . *unless* the registrant states on the form that the change of address is not for voter registration purposes" (emphasis added)).

These voter registration services must be provided by DOR, regardless of whether a covered transaction takes place in person at a DOR office or remotely via phone, mail, email, or internet. *See, e.g., Georgia Conf. of the NAACP v. Kemp*, 841 F. Supp. 2d 1320, 1331 (N.D. Ga. 2012) (voter registration must be provided during remote transactions); *Action NC et al. v. Strach et al.,* -- F. Supp. 3d--, 2016 WL 6304731, at *14 (M.D.N.C. Oct. 27, 2016) ("Sections 5 and 7 of the NVRA apply equally to in-person and remote covered transactions"); *see also* U.S. Department of Justice, The National Voter Registration Act of 1993 (NVRA): Questions and Answers, Q4. Moreover, NVRA requirements cannot be circumvented simply by contracting the underlying driver license or ID card transaction to a third party.  U.S. Department of Justice, The National Voter Registration Act of 1993 (NVRA): Questions and Answers, Q5 ("When a state contracts with a private entity to administer services in an agency that is required to offer voter registration, the ultimate responsibility for ensuring provision of voter registration services remains with the state, and the voter registration requirements under the NVRA remain the same."); *see also United States v. Louisiana*, ---F. Supp. 3d---, 2016 WL 4055648, at *45 (5th Cir. July 26, 2016) ("[T]he NVRA compel[s] this Court to hold [the Louisiana Department of Health] responsible for the violations of its chosen agents when the power to appoint, to monitor, and to maintain rests upon it alone and when each agent receives payment from LA by virtue of its contracts.").

## II.	Missouri's Violations of Section 5 of the NVRA

DOR's current and on-going failure to comply with its voter registration obligations under Section 5 of the NVRA is established by several sources, including site visits and DOR's responses to public records requests. We detail these violations below.

---

[1] If a voter is already registered, their driver's license application or renewal "update[s] any previous voter registration[.]" 52 U.S.C. § 20504(a)(2).

A. **Missouri DOR Does Not Offer Customers Who Engage in Change-of-Address Transactions Online, by Mail, or In-Person With the Voter Registration Services Required by the NVRA.**

Missouri DOR change-of-address transactions may be conducted online, by mail, or in person at a DOR office. Currently, however, DOR customers who conduct a change-of-address transaction online or by mail are not provided with the voter registration services the State is required to offer under the NVRA. Further, for those customers who elect to change their address in the office, DOR appears to require—in violation of Section 5(d) of the NVRA—that they opt in to having their voter registration information updated by requiring that the applicant affirmatively ask to "apply for an address change on his or her voter registration."

1. <u>No Voter Registration Services are Offered When a DOR Customer Conducts a Change-of-Address Transaction Online or by Mail.</u>

Missouri DOR fails to provide customers the opportunity to update their voter registration information when they submit a change of address online or by mail, in violation of Section 5 of the NVRA.

DOR allows individuals to update their driver's license address online. *See* Missouri Department of Revenue, Request for Change of Address, https://sa.dor.mo.gov/coa/default.aspx?check=true. However, Missouri driver's license holders are not provided the opportunity to update their voter registration address as part of this transaction, as Section 5 requires. Rather, individuals using DOR's online change-of-address form are directed to visit the Secretary of State's website, where they must complete a separate change-of-address transaction if they need to update their voter registration information. *See id*. (instructing voters "For Voter Registration address changes, visit the <u>Elections & Voting – Frequently Asked Questions</u> page" operated by the Secretary of State).

Further, DOR Form 4160, which Missouri residents can use to change their driver's license address by mail, fails to provide DOR customers with the opportunity to update their voter registration information and does not even mention how customers completing the form can update their voter registration information.[2]

2. <u>In-Office Change-of-Address Transactions Require DOR Customers to Opt-In to Changing their Voter Registration Information.</u>

During change of address transactions conducted in DOR offices, rather than using the opt-out procedure required by Section 5, DOR requires voters to opt in in order

---

[2] In April 2016, DOR offices were using at least 2 versions of DOR Form 4160: those last designed in 2006 and 2015. In August 2016, DOR issued a new version of this form. *See* Missouri Department of Revenue, Form 4160 Address Change Request (Revised 08-2016), *available at* http://dor.mo.gov/forms/4160.pdf. None of these versions of Form 4160 mention voter registration.

to have their voter registration address updated. That is, according to Section 11 of Missouri's Uniform License Issuance Manual ("ULIM"), when a DOR customer submits an in-person request that the address on that their license or state-ID be updated, the individual must affirmatively request that their voter registration information be updated rather than automatically updating the information unless the individual affirmatively declines that such a change be made in violation of Section 5 of the NVRA. *See* ULIM Section 11, at 2, Step 6 (Rev. 5/2015).

### B. Mail-In License Applications Used by Service Members Require Duplicative Information in Violation of the NVRA.

Section 5 of the NVRA requires that any time a DOR customer applies for or renews a state driver's license or ID card, they be afforded the opportunity to register to vote. *See, e.g.*, 52 U.S.C. § 20504(a) & (c). Specifically, the NVRA requires that a voter registration application be included as part of the form used to apply for or renew a driver's license or state ID. *Id.* § 20504(c)(1). The NVRA prohibits the voter registration application portion of the form from "requir[ing] any information that duplicates information required in" other parts of the form other than a signature and an attestation of eligibility. *See id.* § 20504(c)(2)(A) & (C).

DOR forms 4317 and 4318, which may be used by active-duty military personnel "to obtain a new, renewal or duplicate permit, driver, or nondriver license,"[3] each include a separate voter registration application at the end of the form. Both of these forms require that a large amount of information be duplicated in order for the applicant to register to vote. Information duplicative of that required in forms 4317 and 4318 includes: first, middle, and last name; date of birth; gender; home address; mailing address; and the last four digits of the applicant's social security number. Requiring DOR customers to reenter this information on the voter registration form runs counter to Section 5's directive.

### C. DOR Does Not Offer Voter Registration Services to All Individuals Renewing their License or ID Card or Conducting Duplicate Transactions.

In Missouri, it appears that during the driver's license application process, an individual's citizenship status is verified. *See, e.g.*, Missouri Uniform License Issuance Manual, Section 29, at 3-6. If an individual's citizenship cannot be verified,

---

[3] Missouri Department of Revenue, Form 4318 (Military Application With Power of Attorney (For Persons Mobilized and Deployed with the U.S. Armed Forces)), *available at* http://dor.mo.gov/forms/4318.pdf. Form 4318 is to be used by "active-duty members of the armed forces [who are] temporarily mobilized and deployed outside the state of Missouri" and need "to obtain a new, renewal or duplicate permit, driver, or nondriver license." *Id.* Form 4317 may be used by both "active duty military personnel or [their] dependant[s who] are temporarily out-of-state or country" when they need to "renew [a] driver['s] license or obtain a duplicate driver['s] license." Missouri Department of Revenue, Form 4317 (Mail-in Driver License Application), *available at* http://dor.mo.gov/forms/4317.pdf.

the system instructing DMV workers to provide voter registration opportunities to clients is skipped, so no voter registration services are provided in this circumstance. *See id*. at 15. Moreover, it appears that certain individuals, such as individuals over the age of 65, do not have to provide information verifying their immigration status. *See id*. at 3-4. As a result, these individuals also may not be provided any voter registration services. The mere fact that an application has not provided documentation of his or her citizenship status does not mean the individual is not a citizen or is otherwise ineligible to vote. Section 5 requires that DOR provide *all* applicants with an opportunity to register to vote; thus DOR's failure to provide individuals the opportunity to register to vote if their citizenship status has not been verified by DOR or is not reflected in DOR's records violates the NVRA.

### D. Section 5 of the NVRA Requires DOR to Provide Certain Disclosures When Individuals Apply For, Renew, or Change the Address on their License or ID Card.

In addition to the requirements outlined above, Section 5 of the NVRA also requires that the voter registration portion of DOR's forms include a statement that informs individuals of each voter eligibility requirement, an attestation that the applicant meets each such requirement, confidentiality of an individual's decision to decline voter registration, and if they decide to register to vote, the confidentiality of the office where voter registration was submitted. *See* 52 U.S.C. § 20504(c)(2)(C) & (D). It appears that several forms used by DOR do not include these required disclosures in violation of Section 5 of the NVRA. We ask that DOR conduct a thorough review of its forms and insert the required disclosures where they are missing.

### III. Conclusion

The Missouri DOR is engaged in current and on-going violations of the NVRA. These violations deprive many state residents of their right to vote. As Missouri's chief election official, you are responsible for ensuring that DOR offices are complying with the NVRA. *See, e.g.*, MO. REV. STAT. ANN. § 115.136(1) ("The secretary of state shall be the chief state election official responsible for the coordination of state responsibilities under the National Voter Registration Act of 1993.").

This letter serves as notice pursuant to 52 U.S.C. § 20510(b) of violations by Missouri of Section 5 of the NVRA, 52 U.S.C. § 20504. We are prepared to meet with you and other state officials at your earliest convenience to discuss these violations and to assist in your development of a comprehensive plan that addresses the problems identified in this letter. In the absence of such a plan, we will have no alternative but to initiate litigation at the conclusion of the statutory 90-day waiting period.

Sincerely,

*Naila S. Awan*                       *Denise D. Lieberman*

| | |
|---|---|
| Naila S. Awan | Denise D. Lieberman * |
| Dēmos | MBE #47013 |
| 80 Broad Street, 4th Floor | ADVANCEMENT PROJECT |
| New York, NY, 10004 | 1220 L Street NW Suite 850 |
| 212-485-6065 | Washington DC 20005 |
| nawan@demos.org | (314) 780-1833 |
| | dlieberman@advancementproject.org |
| | *licensed in Missouri |

cc:     Joel Walters (by email)
         Director, Missouri Department of Revenue
         Harry S Truman State Office Building
         301 West High Street Jefferson City, MO 65101
         joel.walters@dor.mo.gov

# Attachment 2

  

October 25, 2017

*Via first class mail and email*
John R. Ashcroft
Missouri Secretary of State
600 West Main Street
Jefferson City, MO 65101
john.r.ashcroft@sos.mo.gov

RE: *Compliance with Section 5 of the National Voter Registration Act*

Dear Secretary Ashcroft:

On July 6, 2017, the undersigned counsel sent you a letter alleging that the State of Missouri is not fully complying with Section 5 of the National Voter Registration Act of 1993 ("NVRA"). *See* attachment. Specifically, the letter alleged that certain in-person, online, and mail transactions conducted through the Missouri Department of Revenue ("DOR") fail to provide voter registration services required under the NVRA.

The letter provided written notice, as required under Section 11 of the NVRA, and initiated a 90-day waiting period before litigation can be commenced. 52 U.S.C. § 20510(b)(1)-(2). More than 90 days have elapsed since this letter was sent and, we have not received a response from your office to discuss the concerns outlined in our notice letter. Further, as far as we are aware, none of the violations identified in this letter have been corrected. While we are prepared to litigate, we hope to work cooperatively with your office to develop a comprehensive plan to address these problems. We write today to specifically address your responsibilities to work to address NVRA violations.

It is our understanding from a phone call we initiated with your counsel that your office has taken the position that it is the sole responsibility of the Missouri Department of Revenue ("DOR") to remedy the compliance violations identified in the letter. That position is not consistent with your legal obligations under the NVRA. While DOR has responsibility for NVRA compliance and an official from DOR should be part of the process, as Missouri's chief election official, you are ultimately responsible for any NVRA violations occurring during DOR's processes.

1

Case 2:18-cv-04073-BCW   Document 1-3   Filed 04/17/18   Page 11 of 14

Section 10 of the NVRA mandates that "[e]ach State shall designate a State officer or employee as the chief State election official to be responsible for the coordination of State responsibilities under" the NVRA. 52 U.S.C. § 20509. Under Missouri law, the Secretary of State is designated as "the chief state election official responsible for the coordination of state responsibilities of under the National Voter Registration Act of 1993." MO. REV. STAT. ANN. § 115.136(1). Missouri law and the NVRA's plain meaning establish that you, as the state's chief election official, have an on-going duty to coordinate Missouri's continuing responsibility to comply with the NVRA.

Courts that have considered Section 10's mandate have consistently found that it holds a state's chief election official responsible for the actions of the agencies within their state that conduct transactions covered under the NVRA, such as the driver's license and identification card services provided by DOR. For example:

- In *Harkless v. Brunner*, 545 F.3d 445 (6th Cir. 2008), the Sixth Circuit held that "the Secretary, as [] chief election officer, is responsible for 'harmonious combination'—or implementation and enforcement—of [NVRA responsibilities of a government agency]." *Id.* at 452 (quoting from the Oxford English Dictionary (2d ed.1989)).

- In *Valdez v. Herrera*, the court held that the chief election officer is "responsible for ensuring compliance [with the NVRA]," and "bears at least some responsibility for the state's compliance with Section 7's mandates." 2010 U.S. Dist. LEXIS 142209 at *34-35.

- In *Scott v. Schedler*, 771 F.3d 831 (5th Cir. 2014), the 5th Circuit also held that the chief election official is responsible for the NVRA compliance within the state, noting that the "NVRA centralizes responsibility in the state and in the chief elections official, who is the state's stand-in." *Id.* at 839. Moreover, the court noted that the "NVRA's notice provision [Section 11(b)], which requires potential plaintiffs to provide notice to the chief election official before filing suit, only makes sense if [chief election official] has authority to enforce the Act. Requiring would-be plaintiffs to send notice to their chief election official about ongoing NVRA violations would hardly make sense if that official did not have the authority to remedy NVRA violations." *Scott*, 771 F.3d at 839 (quoting *Harkless*, 545 F.3d at 453); *see also* 52 U.S.C. § 20510(b)(1).

While these cases address the responsibility of the chief election officials specifically as to compliance with Section 7 of the NVRA, the reasoning applies equally to Section 5. Section 5 and Section 7 of the NVRA both require state government agencies to provide specific voter registration services to individuals during government interactions. The chief election official's responsibility is the same in both circumstances–to take all possible steps to ensure that government agency is complying with the NVRA.

As the official designated by Missouri to be responsible for the coordination of the State's NVRA responsibilities, and by the plain terms of the statute, you are required to ensure

that transactions covered under the NVRA are conducted in compliance with federal law. This duty cannot be delegated. We hope that you will reconsider your position and meet with us to discuss the issues raised in our July 6, 2017 notice letter.

We look forward to your future cooperation, and believe that both your engagement and DOR's is necessary in order to effectively address the issues outlined in the notice letter. In that spirit, Plaintiffs' counsel would like to propose setting a meeting for the week of November 20, 2017 to provide both you and DOR time consider ways to respond to the concerns raised in July. Please let us know your availability that week or if that week does not work, please let us know some additional dates in November when you will be available. We look forward to discussing this with you further in the hopes that the NVRA compliance issues raised in our notice letter can be resolved without litigation, but are prepared to assert all legal options available to ensure that the rights of voters in Missouri are protected.

Sincerely,

*[signature]*

Naila S. Awan
Dēmos
80 Broad Street, 4th Floor
New York, NY, 10004
212-485-6065
nawan@demos.org

Denise D. Lieberman *
MBE #47013
ADVANCEMENT PROJECT
1220 L Street NW Suite 850
Washington DC 20005
(314) 780-1833
dlieberman@advancementproject.org
*licensed in Missouri

Sarah Brannon*
Senior Staff Attorney for Motor-Voter Enforcement
American Civil Liberties Union
915 15th Street, NW
Washington, DC 20005-2313
202-675-2337 (office)
202-210-7287 (cell)
sbrannon@aclu.org
*not admitted in DC; DC practice limited to federal court only

cc: Joel Walters (by email)
    Director, Missouri Department of Revenue
    Harry S Truman State Office Building
    301 West High Street Jefferson City, MO 65101
    joel.walters@dor.mo.gov