IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF MISSOURI, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> JOHN R. ASHCROFT, *et al.*, <br><br> Defendants. | Case No. 18−cv−04073−BCW |

### DEFENDANT JOHN R. ASHCROFT'S
### MOTION TO DISMISS

Defendant John R. Ashcroft, in his official capacity as the Missouri Secretary of State ("Secretary"), by and through counsel, moves this Court to dismiss Plaintiffs' Complaint (Doc. 1) and Amended Complaint (Doc. 19) against him pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure.

### SUGGESTIONS IN SUPPORT

Plaintiffs lack standing to assert any claim against the Secretary in this matter because none of Plaintiffs' alleged injuries are fairly traceable to any action of the Secretary and no order/decision of this Court against the Secretary can redress Plaintiffs' alleged injuries. Because Plaintiffs require standing to bring their claim against the Secretary, this Court does not have subject matter jurisdiction.

Article III limits the exercise of the judicial power to "Cases" and "Controversies." U.S. Const. art III, § 2, cl. 1. Standing to sue is a doctrine rooted in the traditional understanding of case or controversy and requires Plaintiffs to show (1) they have suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). Plaintiffs must demonstrate standing separately for each form of relief sought. *Id.* at 185. In this case, Plaintiffs have not shown that any injury is fairly traceable to any action of the Secretary, or that it is likely that any injury can be redressed by any decision against the Secretary. Where, as here, a litigant lacks Article III standing, then a court has no subject matter jurisdiction over the suit. *Huyer v. Van de Voorde*, 847 F.3d 983, 985–86 (8th Cir. 2017) citing *Iowa League of Cities v. EPA*, 711 F.3d 844, 869 (8th Cir. 2013).

Plaintiffs claim that the Secretary is failing to comply with Section 5 of the National Voter Registration Act of 1993 ("NVRA") (52 U.S.C. § 20501-

20511). (DE 1, ¶ 1; DE 19, ¶ 1).[1] The NVRA provides national procedures for voter registration for federal elections and requires Missouri to establish procedures to register to vote "by application made simultaneously with an application for a motor vehicle driver's license pursuant to section 20504 of [Title 52]." 52 U.S.C. § 20503. Section 5 provides that a Missouri's driver's license application, including a renewal application, submitted to the "appropriate motor vehicle authority" under Missouri law shall serve as an application for voter registration with respect to elections for federal office, unless the applicant fails to sign the voter registration application. 52 U.S.C. § 20504(a). The NVRA provides standards for the forms and procedures to be used by the motor vehicle authority, 52 U.S.C. § 20504(c), and requires that the completed voter registration portion of an application for a Missouri driver's license be transmitted to the appropriate Missouri elections official not later than 10 days after the date of acceptance, 52 U.S.C. § 20504(e)(1).

In Missouri, the "appropriate motor vehicle authority" is the Missouri Department of Revenue, not the Secretary of State. The Department of Revenue is established as an executive department under Article IV of the Missouri Constitution. Mo. Const. art. IV, § 22. The Director of the Department of Revenue is appointed by the governor, by and with the advice

---

[1] References to the pleadings, orders, and other documents as chronicled on the Court's docket sheet will be to "(DE ___.).

and consent of the senate. *Id.* Missouri driver's licenses are regulated and administered by the Department of Revenue as authorized by the Revised Statutes of Missouri and the Missouri Code of State Regulations. R.S.Mo. § 302 *et seq.*, 12 C.S.R. 10-24.010-10-24.485.

The Secretary is the "chief state election official responsible for the **coordination of state responsibilities** under the National Voter Registration Act of 1993" as required under the NVRA. (52 U.S.C. § 20509, R.S.Mo. § 115.136.1)(emphasis added). When adopting "rules and regulations pertaining to the format of the voter registration application used by the [D]epartment [of Revenue]," the Director of the Department of Revenue is only required to **confer** with the Secretary. R.S.Mo. § 115.160(3).

First, Plaintiffs are required to show that any alleged injury is fairly traceable to a challenged action of the Secretary. *Friends of the Earth, Inc.* at 180–81. Plaintiffs' Complaint and Amended Complaint summarizes their claimed violations, (DE 1, ¶¶ 7-25; DE 19, ¶¶ 7-24.). In their Amended Complaint, Plaintiffs make three factual allegations where they allege the Department of Revenue is failing to comply with NVRA requirements. (DE 19 ¶¶19-21). Plaintiffs also claim, in error and without support, that (1) the Secretary's office is "tasked with ensuring that [Missouri] is providing the voter registration services required by Section 5 of the NVRA," (DE 19, ¶ 15.),

and that (2) the Secretary's responsibilities include "ensuring [the Department of Revenue] complies with Section 5," (DE 19, ¶ 17.).

Missouri law and the NVRA both impose specific requirements on the Secretary, but the Secretary is not tasked with ensuring Missouri's, or the Department of Revenue's, compliance with Section 5 of the NVRA. The Secretary is responsible for the **coordination** of Missouri's responsibilities under the NVRA, and he is to be available to **confer** with the Director of the Department of Revenue about "rules and regulations pertaining to the format of the voter registration application used by the department." Coordinating and conferring is not equivalent to ensuring compliance. Because Plaintiffs' claims allege the Department of Revenue's lack of compliance in areas that are exclusively delegated to it by the NVRA and by Missouri statutes, Plaintiffs cannot trace any part of their alleged injuries to any action by the Secretary.

Second, Plaintiffs are required to show it is likely, as opposed to merely speculative, that their injury will be redressed by a favorable decision. *Friends of the Earth, Inc.* at 180–81. Because the Secretary has no legal authority beyond coordinating and conferring, Plaintiffs cannot show that any favorable decision for the Plaintiffs against the Secretary would redress their injuries in any way. A clear indication of the lack of redressability is

that if any of Plaintiffs' allegations have merit, then this Court can afford complete relief even in the Secretary's absence.

WHEREFORE, and for the above-stated reasons, Defendant John R. Ashcroft, in his official capacity as the Missouri Secretary of State, moves this Court to dismiss Plaintiffs' Complaint (Doc. 1) and Amended Complaint (Doc. 19) against him pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, because Plaintiffs lack standing to assert any claim against the Secretary in this matter.

Respectfully submitted,

**JOSHUA D. HAWLEY**
Attorney General

_____
C. Douglas Shull, #49893
Assistant Attorney General
P.O. Box 899
Jefferson City, MO 65102
(573) 751-8108 – Telephone
(573) 751-9456 – Facsimile
doug.shull@ago.mo.gov - Email

Attorneys for Defendant Ashcroft

X

[Space Intentionally Left Blank]

X

X

## *Certificate of Service*

I hereby certify that on Tuesday, May 15, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the attorneys of record.

_____
**C. Douglas Shull**
Assistant Attorney General

- 7 -

Case 2:18-cv-04073-BCW   Document 28   Filed 05/15/18   Page 7 of 7