IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF MISSOURI, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 2:18-CV-04073-BCW ) |
| JOHN R. ASHCROFT, *et al.*, | ) ) ) |
| Defendants. | ) |

**ORDER**

Before the Court is Defendant John Ashcroft's Motion to Dismiss (Doc. #28). The Court, being duly advised of the premises, denies said motion.

Plaintiffs League of Women Voters, St. Louis A. Philip Randolph Institute, and Greater Kansas City A. Philip Randolph Institute allege claims against Defendant John Ashcroft, in his official capacity as the Missouri Secretary of State, and Defendant Joel Walters, in his official capacity as the Director of the Missouri Department of Revenue.

Plaintiffs allege Defendants are in violation of their obligations under Section 5 of the National Voter Registration Act, 52 U.S.C. § 20504 ("NVRA").

In the motion before the Court, Defendant John Ashcroft seeks dismissal of Plaintiffs' amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted). Fed. R. of Civ. P. 12(b)(1) provides that a party may move to dismiss an action for lack of subject matter jurisdiction.

1

Dismissal under Rule 12(b)(1) is appropriate when subject matter jurisdiction is successfully challenged on the face of the complaint or on the facts. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). Because a Rule 12(b)(1) motion addresses "the trial court's jurisdiction - its very power to hear the case - there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990).

## ANALYSIS

Ashcroft seeks dismissal of Plaintiffs' amended complaint for lack of standing. In opposition, Plaintiffs argue they have standing to assert a claim against Ashcroft for violating Section 5 of the NVRA.

In order to establish Article III standing, Plaintiffs must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the Defendant, and (3) that is likely to be redressed by a favorable judicial decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

The NVRA sets forth certain voter registration requirements with respect to federal elections for federal office. Plaintiffs assert Ashcroft is in violation of Section 5 of the NVRA, which requires states to offer voter registration opportunities at state motor vehicle agencies. Section 5, in relevant part, provides:

> [e]ach State motor vehicle driver's license application (including any renewal application) submitted to the appropriate State motor vehicle authority under State law shall serve as an application for voter registration with respect to elections for Federal office unless the applicant fails to sign the voter registration application.
> [a]n application for voter registration submitted under paragraph (1) shall be considered as updating any previous voter registration by the applicant.
>
> [e]ach State shall include a voter registration application form for elections for Federal office as part of an application for a State motor vehicle driver's license.

> [t]he voter registration application portion of an application for a State motor vehicle driver's license--(A) may not require any information that duplicates information required in the driver's license portion of the form. . .
>
> [a]ny change of address form submitted in accordance with State law for purposes of a State motor vehicle driver's license shall serve as notification of change of address for voter registration with respect to elections for Federal office for the registrant involved unless the registrant states on the form that the change of address is not for voter registration purposes.

52 U.S.C. §§ 20504 (a)-(d).

Ashcroft does not dispute that Plaintiffs have alleged an injury in fact; however, argues Plaintiffs cannot establish that Plaintiffs' alleged injuries are fairly traceable to Ashcroft's action or inaction, and that a favorable decision by this Court would not redress Plaintiffs' alleged injuries.

Under the allegations of the complaint, Plaintiffs allege that Ashcroft, as the Missouri Secretary of State, is the State's chief election official and is responsible for coordinating State responsibilities under the NVRA. Further, Plaintiffs allege the Secretary of State is responsible for ensuring that the Department of Revenue is compliant with the NVRA. Ashcroft concedes that, in his capacity as the Secretary of State, he is required to coordinate Missouri's responsibilities under the NVRA. Ashcroft argues his coordination duties only require him to confer with the director of the Department of Revenue and do not require him to ensure the department is compliant with the NVRA.

In the amended complaint, Plaintiffs allege the Department of Revenue and Secretary of State are in violation of Section 5 of the NVRA. First, Plaintiffs allege Defendants are not complying with the NVRA's change of address requirement during online, mail, and in-person transactions. Next, Plaintiffs allege mail applications for new, renewal, or duplicate licenses used by military members and their families do not comport with the NVRA because they require

3

individuals to submit duplicative information to complete a voter registration application. Plaintiffs also allege the Department of Revenue is violating the NVRA by failing to provide written disclosures to individuals who apply, renew, or change the address provided on their licenses. Lastly, Plaintiffs allege Defendants NVRA violations have caused them to suffer harm because Plaintiffs have been forced to divert time and resources to additional voter registration efforts.

The NVRA requires, "[e]ach state shall designate a State officer or employee as the chief State election official to be responsible for coordination of State responsibilities under [the NVRA]." 52 U.S.C. § 20509. Missouri has designated its Secretary of State to perform as the chief State election official responsible for the coordination of State responsibilities. Mo. Rev. Stat. § 115.136(1).

The primary rule of statutory interpretation "is to give effect to the plain and ordinary meaning of the statutory language." Missouri v. Bazell, 497 S.W.3d 263, 266 (Mo. 2016) (citing State ex rel. Valentine v. Orr, 366 S.W.3d 534, 540 (Mo. 2012). "If the words are clear, the Court must apply the plain meaning of the law." Id. Under the plain language of the statute, Ashcroft is responsible for the coordination of state responsibilities under the NVRA. The plain and ordinary meaning of "coordination" means the harmonious functioning of parts for effective results. *Coordination*, www.merriam-webster.com/dictionary/coordination (last visited June 12, 2018). Federal Courts tasked with interpreting the Secretary of State's coordination duties have held that the Secretary of State may be held responsible for the State's failure to comply with the NVRA. See United States v. Missouri, 535 F.3d 844, 851(8th Cir. 2008) (holding that although the Secretary of State cannot be required to enforce the NVRA, he is required to make a reasonable effort to ensure state agencies' comply with the NVRA); See Scott v. Schedler, 771 F. 3d 831, 838

(5th Cir. 2014) (holding that the Secretary of State's coordination power includes enforcement power).

Ashcroft's interpretation of the statue asserts that his coordination duties do not require him to ensure compliance with the NVRA. If his interpretation of the statue was a proper construction, the NVRA's notice provision, which requires potential plaintiffs to provide notice to the Secretary of State before filing suit, would be superfluous. The purpose of the notice requirement is to give the Secretary of State the opportunity to remedy NVRA violations. Harkless v. Brunner, 545 F. 3d 445, 449 (6th Cir. 2008).

Additionally, Ashcroft asserts Missouri law only requires him to confer with the Department of Revenue about "rules and regulations pertaining to the format of the voter registration application used by the department." Mo. Rev. Stat. § 115.160(3). Ashcroft asks the Court to infer that Missouri law conflicts with the NVRA because Missouri law requires him to "confer;" while the NVRA requires him to "coordinate". Even if Missouri law conflicts with the NVRA, the state law is preempted by the federal statute. PLIVA, Inc. v. Mensing, 564 U.S. 604, 618 (2011) ("The Supremacy Clause establishes that federal law 'shall be the supreme [l]aw of the [l]and . . . any[t]hing in the Constitution or Laws of any State to the [c]ontrary notwithstanding.' U.S. CONST. art. VI, cl. 2. "Where state and federal law 'directly conflict,' state law must give way.").

Moreover, two of the stated purposes of the NVRA are "to establish procedures that will increase the number of eligible citizens who register to vote," and to enable governments to implement the statute's requirements "in a manner that enhances the participation of eligible citizens as voters." 52 U.S.C. § 20501. When Congress enacted the NVRA, they found that federal, state, and local governments have a duty to promote the exercise of the right to vote. Vladez v.

5

Herrera, No. 09-668JCH/DJS, 2017 WL 11465061, at *7 (D.N.M. Dec. 21, 2010). For all these reasons, Plaintiffs have plausibly alleged a violation of the NVRA that is fairly traceable to Ashcroft. The second standing element is required.

Next, the Court considers whether a favorable decision by this Court would redress Plaintiffs alleged injuries. Plaintiffs argue they may seek recourse against the Secretary of State based on violations of the NVRA.

In order to satisfy the redressability requirement, a plaintiff's alleged injuries must be likely to be redressed through litigation. Sprint Comm. Co., L.P v. APCC Servs, Inc., 554 U.S. 269, 286-87 (2008). To demonstrate redressability, the Plaintiffs must show a substantial likelihood that the requested relief will remedy their alleged injury in fact. Id. (internal citation omitted.).

In this case, Plaintiffs ask this Court to grant declarative and injunctive relief, directing Ashcroft to coordinate policies and procedures with the Department of Revenue that comply with the NVRA, and directing Ashcroft to remedy past violations by providing opportunities for individuals to register to vote or to change their voter registration addresses before the next federal election.

In the Court's view, Plaintiffs' alleged injuries relate directly to non-compliance with Section 5 of the NVRA, which are amenable to correction through implantation of NVRA complaint policies and procedures which Ashcroft would coordinate in his capacity as Secretary of State. Thus, the Court finds Plaintiffs have demonstrated a substantial likelihood that the relief requested would remedy the alleged injury. Plaintiffs have established the third element for standing.

For all these reasons, the Court finds the Plaintiffs have established Article III standing necessary to confer jurisdiction on this Court. Accordingly, it is hereby

ORDERED Defendant John Ashcroft's Motion to Dismiss (Doc. #28) is DENIED.

IT IS SO ORDERED.

DATED: June 21, 2018

                                              /s/ Brian C. Wimes
                                              JUDGE BRIAN C. WIMES
                                              UNITED STATES DISTRICT COURT