# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF MISSOURI, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> JOHN R. ASHCROFT, *et al.*, <br><br> Defendants. | Case No. 18−cv−04073−BCW |

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT OF DEFENDANT JOHN R. ASHCROFT, IN HIS OFFICIAL CAPACITY AS THE MISSOURI SECRETARY OF STATE**

Defendant John R. Ashcroft, in his official capacity as the as the Missouri Secretary of State ("Defendant"), by and through undersigned counsel hereby answers Plaintiffs' Second Amended Complaint (ECF110), as follows:

1. Defendant denies that he or the Missouri Secretary of State's Office have failed to comply with any portion of the NVRA. Deny all remaining allegations in this paragraph.

2. The allegations in this paragraph are legal conclusions to which no response is required. To the extent any statement in this paragraph contains factual allegations against Defendant, Defendant denies those allegations.

3. Deny.

4. Deny that Defendants have violated the NVRA. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph,

and therefore denies same.

5. Defendant has insufficient information to form a belief about the allegations in this paragraph, and therefore denies these allegations.

6. To the extent that the allegations contained in this paragraph only apply to Co-Defendant Joel W. Waters in his official capacity as the Director of the Department of Revenue, no response is required. To the extent a response is required, Defendant Ashcroft denies that DOR fails to provide the voter-registration services required by the NVRA. Defendant has insufficient information to form a belief about the truth of Plaintiffs' allegations in this paragraph regarding the activities of "Plaintiffs and other nonprofit organizations" and therefore denies those allegations. Deny all remaining allegations in this paragraph.

7. Defendant has insufficient information to form a belief about what Plaintiffs "seek" in this action, and therefore denies those allegations. Defendant denies that DOR and the Missouri Secretary of State are out of compliance with the NVRA.

8. With respect to the allegations contained in paragraph 8, the statute speaks for itself and Defendant denies any allegations contrary to the express language of the statute. Defendant has insufficient information to form a belief about the remaining allegations in this paragraph, and therefore denies those allegations.

9. Defendant admits that Congress passed Section 5 of the NVRA. Defendant has insufficient information to form a belief about the remaining allegations in this paragraph, and therefore denies those allegations.

10. With respect to the allegations contained in paragraph 10, the statute speaks

for itself and Defendant denies any allegations contrary to the express language of the statute.

11. ith respect to the allegations contained in paragraph 11, the statute speaks for itself and Defendant denies any allegations contrary to the express language of the statute. All remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations of this paragraph.

12. With respect to the allegations contained in paragraph 12, the statute speaks for itself and Defendant denies any allegations contrary to the express language of the statute.

13. With respect to the allegations contained in paragraph 13, the statute speaks for itself and Defendant denies any allegations contrary to the express language of the statute.

14. With respect to the allegations contained in paragraph 14, the statute speaks for itself and Defendant denies any allegations contrary to the express language of the statute. All remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations of this paragraph.

15. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

16. To the extent that the allegations contained in this paragraph only apply to

Co-Defendant Joel W. Waters in his official capacity as the Director of the Department of Revenue, no response is required. To the extent a response is required, Defendant has insufficient information to form a belief about the allegations in this paragraph, and therefore denies these allegations.

17. Defendant admits the Missouri Secretary of State is the State's chief election official. With respect to the other allegations contained in paragraph 17, the statute speaks for itself and Defendant denies any allegations contrary to the express language of the statute.

18. Deny.

19. To the extent that the allegations contained in this paragraph only apply to Co-Defendant Joel W. Waters in his official capacity as the Director of the Department of Revenue, no response is required. To the extent a response is required, Defendant has insufficient information to form a belief about the allegations in this paragraph, and therefore denies these allegations.

20. To the extent that the allegations contained in this paragraph only apply to Co-Defendant Joel W. Waters in his official capacity as the Director of the Department of Revenue, no response is required. To the extent a response is required, Defendant has insufficient information to form a belief about the allegations in this paragraph, and therefore denies these allegations.

21. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all allegations in this paragraph.

22. Defendant admits he received a copy of Plaintiffs' Exhibits A, B, and C on or about the dates alleged. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

23. Defendant denies that Plaintiffs' Exhibit A accurately identifies any violations. The remaining allegations in this paragraph constitute legal conclusions to which no responses are required. Defendant denies that Plaintiffs are entitled to any relief requested in this paragraph.

## JURISDICTION AND VENUE

24. The allegations in this paragraph are legal conclusions to which no response is required. To the extent this paragraph includes any factual allegations against Defendant, Defendant denies those allegations.

25. This paragraph sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Defendant denies that the Court has subject matter jurisdiction over Defendant.

26. This paragraph sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Defendant admits that the Court has personal jurisdiction over Defendant. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

27. This paragraph sets forth Plaintiff's jurisdictional allegations that present

legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Defendant avers that venue is proper in this district.

## PARTIES

28. Defendant has insufficient information to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

29. Defendant has insufficient information to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

30. Defendant has insufficient information to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

31. Defendant has insufficient information to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

32. Deny that Defendants have failed to comply with their obligations under Section 5 of the NVRA. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

33. Deny that Defendants have violated the NVRA. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

34. Deny that Defendants have violated the NVRA. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

35. Defendant has insufficient information to form a belief as to the truth of the

allegations in this paragraph, and therefore denies same.

36. Defendant has insufficient information to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

37. Defendant has insufficient information to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

38. Defendant has insufficient information to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

39. Deny that Defendants have failed to comply with their obligations under the NVRA. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

40. Deny that Defendants have violated the NVRA. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

41. Defendant has insufficient information to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

42. Defendant has insufficient information to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

43. Defendant has insufficient information to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

44. Defendant has insufficient information to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

45. Deny that Defendants have failed to comply with their obligations under

the NVRA. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

46. Deny that Defendants have violated the NVRA. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

47. Deny that Defendants have failed to comply with Section 5 of the NVRA. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

48. Deny that Defendants have failed to comply with their obligations under the NVRA. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

49. Admit that John R. Ashcroft is the Missouri Secretary of State and the State's chief election official. All remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations of this paragraph.

50. Admit that Co-Defendant Joel Walters is the Director of the Missouri DOR. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

## FACTUAL ALLEGATIONS

51. Deny.

52. With respect to the allegations contained in paragraph 52, the statute speaks for itself and Defendant denies any allegations contrary to the express language of the

statute. All remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations of this paragraph.

53. Deny.

54. To the extent that the allegations contained in this paragraph only apply to Co-Defendant Joel W. Waters in his official capacity as the Director of the Department of Revenue, no response is required. To the extent a response is required, deny.

55. To the extent that the allegations contained in this paragraph only apply to Co-Defendant Joel W. Waters in his official capacity as the Director of the Department of Revenue, no response is required. To the extent a response is required, Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

56. To the extent that the allegations contained in this paragraph only apply to Co-Defendant Joel W. Waters in his official capacity as the Director of the Department of Revenue, no response is required. To the extent a response is required, Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

57. To the extent that the allegations contained in this paragraph only apply to Co-Defendant Joel W. Waters in his official capacity as the Director of the Department of Revenue, no response is required. To the extent a response is required, Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

58. To the extent that the allegations contained in this paragraph only apply to Co-Defendant Joel W. Waters in his official capacity as the Director of the Department of Revenue, no response is required. To the extent a response is required, deny.

59. With respect to the allegations contained in paragraph 59, the statute speaks for itself and Defendant denies any allegations contrary to the express language of the statute. Any remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations of this paragraph.

60. Deny.

61. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

62. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

63. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

64. Deny.

65. Defendant admits that he received a copy of Plaintiffs' Exhibit A on or about July 6, 2017. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

66. This paragraph contains allegations constituting legal conclusions to which no response is required. To the extent a response is required, Defendant deny these allegations.

67. This paragraph contains allegations constituting legal conclusions to which no response is required. To the extent a response is required, Defendant deny these allegations.

68. Deny.

## CLAIM FOR RELIEF

69. Defendant incorporates by reference herein his responses to all the paragraphs of Plaintiffs' Amended Complaint as and for his response to Paragraph 69 of Plaintiffs' Amended Complaint.

70. Deny.

71. Deny.

72. Deny.

73. Deny.

## GENERAL DENIAL

Defendant denies that Plaintiffs are entitled to any of the relief requested in their Prayer for Relief.

Defendant denies all allegations in Plaintiffs' Amended Complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof or persuasion not assigned by law, Defendant asserts the following defenses:

1. Plaintiffs' Amended Complaint fails to state causes of action or claims upon which relief may be granted.

2. Plaintiffs lack Article III standing to bring claims for prospective injunctive relief and other remedies, or have failed to establish a live case or controversy, because among other things, (a) the alleged injuries of Plaintiffs are speculative, rather than concrete, particularized, actual, or imminent; and (b) Plaintiffs cannot show any alleged injury is or will be caused by or traceable to any action or inaction of Defendants.

3. Plaintiffs' claims, in whole or in part, are barred by the Eleventh Amendment to the United States Constitution under the doctrine of sovereign immunity.

4. Plaintiffs cannot establish all elements required for injunctive or equitable relief and, among other things, (a) the injunctive or equitable relief requested is hopelessly vague; and (b) implementing and monitoring such proposed remedies would intrude upon principles of comity and federalism.

5. Plaintiffs are not entitled to costs or attorney's fees.

6. Defendant incorporates by reference each and every additional affirmative defense which may be uncovered or made known during the investigation and discovery in this case. Defendant specifically reserves the right to amend his answer to include affirmative defenses at the time they are discovered.

WHEREFORE, Defendant requests that this Court dismiss Plaintiffs' Second Amended Complaint with prejudice and award Defendants costs incurred herein, and for such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

**JOSHUA HAWLEY**
Attorney General

*/s/Jordan L. Williams*
Jordan L. Williams MO Bar # 58294
Assistant Attorney General
P.O. Box 899
Jefferson City, MO 65102
(573) 751-4692 Phone
(573) 751-9456 Facsimile
jordan.williams@ago.mo.gov

ATTORNEYS FOR DEFENDANT ASHCROFT

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2018, the foregoing document was filed with the Missouri Courts Electronic filing system which sent notification to the all participants of record.

*/s/ Jordan L. Williams*
Jordan L. Williams
Assistant Attorney General

- 14 -

Case 2:18-cv-04073-BCW   Document 113-1   Filed 12/14/18   Page 14 of 14