# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| LEAGUE OF WOMEN VOTERS OF MISSOURI, ST. LOUIS A. PHILIP RANDOLPH INSTITUTE, and GREATER KANSAS CITY A. PHILIP RANDOLPH INSTITUTE, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:18-cv-04073-BCW |
| JOHN R. ASHCROFT, in his official capacity as the Missouri Secretary of State, and | ) ) ) ) ) | |
| JOEL W. WALTERS, in his official capacity as the Director of the Missouri Department of Revenue, | ) ) ) ) | |
| Defendants. | ) | |

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT
OF DEFENDANT JOEL W. WALTERS, IN HIS OFFICIAL CAPACITY AS
THE DIRECTOR OF THE MISSOURI DEPARTMENT OF REVENUE**

Defendant Joel W. Walters, in his official capacity as the Director of the Missouri Department of Revenue ("Defendant") answers Plaintiffs' Second Amended Complaint (Dkt. #110) as follows:

1. Defendant denies that he or the Missouri Department of Revenue ("DOR") have failed to comply with any portion of the NVRA. Deny all remaining allegations in this paragraph.

2. The allegations in this paragraph are legal conclusions to which no response is required. To the extent any statement in this paragraph contains factual allegations against Defendant, Defendant denies those allegations.

2

3. Deny.

4. Deny that Defendants have violated the NVRA. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

5. Defendant has insufficient information to form a belief about the allegations in this paragraph, and therefore denies these allegations.

6. Defendant denies that DOR fails to provide the voter-registration services required by the NVRA. Defendant has insufficient information to form a belief about the truth of Plaintiffs' allegations in this paragraph regarding the activities of "Plaintiffs and other nonprofit organizations" and therefore denies those allegations. Deny all remaining allegations in this paragraph.

7. Defendant has insufficient information to form a belief about what Plaintiffs "seek" in this action, and therefore denies those allegations. Defendant denies that DOR and the Missouri Secretary of State are out of compliance with the NVRA.

8. With respect to the allegations contained in paragraph 8, the statute speaks for itself and Defendant denies any allegations contrary to the express language of the statute. Defendant has insufficient information to form a belief about the remaining allegations in this paragraph, and therefore denies those allegations.

9. Defendant admits that Congress passed Section 5 of the NVRA. Defendant has insufficient information to form a belief about the remaining allegations in this paragraph, and therefore denies those allegations.

10. With respect to the allegations contained in paragraph 10, the statute speaks for itself and Defendant denies any allegations contrary to the express language of the statute.

11. With respect to the allegations contained in paragraph 11, the statute speaks for itself and Defendant denies any allegations contrary to the express language of the statute. All remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations of this paragraph.

12. With respect to the allegations contained in paragraph 12, the statute speaks for itself and Defendant denies any allegations contrary to the express language of the statute.

13. With respect to the allegations contained in paragraph 13, the statute speaks for itself and Defendant denies any allegations contrary to the express language of the statute.

14. With respect to the allegations contained in paragraph 14, the statute speaks for itself and Defendant denies any allegations contrary to the express language of the statute. All remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations of this paragraph.

15. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

16. Admit that the Driver License Bureau of DOR issues, renews, suspends, revokes, and reinstates driver and nondriver licenses and driving permits. Deny the remaining allegations in this paragraph.

17. Defendant has insufficient information to form a belief about the truth of the allegations in this paragraph, and therefore denies those allegations.

18. Deny.

19. Deny that DOR is not complying with the NVRA's requirements. Deny that DOR permits clients to change the residential address on their license online or by mail. The remaining allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in this paragraph.

20. Deny that mail applications used by military members and their families do not provide required voter registration services. Deny that these forms require duplicative information beyond a second signature and attestation of eligibility in order to register to vote. The remaining allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in this paragraph.

21. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all allegations in this paragraph.

22. Defendant admits he received a copy of Plaintiffs' Exhibits A, B, and C on or about the dates alleged. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

23. Defendant denies that Plaintiffs' Exhibit A accurately identifies any violations. The remaining allegations in this paragraph constitute legal conclusions to which no responses are required. Defendant denies that Plaintiffs are entitled to any relief requested in this paragraph.

## JURISDICTION AND VENUE

24. The allegations in this paragraph are legal conclusions to which no response is required. To the extent this paragraph includes any factual allegations against Defendant,

5

Defendant denies those allegations.

25. This paragraph sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Defendant denies that the Court has subject matter jurisdiction over Defendant.

26. This paragraph sets forth Plaintiffs' jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Defendant admits that the Court has personal jurisdiction over Defendant. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

27. This paragraph sets forth Plaintiff's jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Defendant avers that venue is proper in this district.

## **PARTIES**

28. Defendant has insufficient information to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

29. Defendant has insufficient information to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

30. Defendant has insufficient information to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

31. Defendant has insufficient information to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

32. Deny that Defendants have failed to comply with their obligations under Section 5 of the NVRA. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

33. Deny that Defendants have violated the NVRA. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

34. Deny that Defendants have violated the NVRA. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

35. Defendant has insufficient information to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

36. Defendant has insufficient information to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

37. Defendant has insufficient information to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

38. Defendant has insufficient information to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

39. Deny that Defendants have failed to comply with their obligations under the NVRA. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

40. Deny that Defendants have violated the NVRA. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

41. Defendant has insufficient information to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

42. Defendant has insufficient information to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

43. Defendant has insufficient information to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

44. Defendant has insufficient information to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

45. Deny that Defendants have failed to comply with their obligations under the NVRA. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

46. Deny that Defendants have violated the NVRA. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

47. Deny that Defendants have failed to comply with Section 5 of the NVRA. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

48. Deny that Defendants have failed to comply with their obligations under the NVRA. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

49. Admit that John R. Ashcroft is the Missouri Secretary of State. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

50. Admit that Defendant Joel Walters is the Director of the Missouri DOR. Deny that Defendant oversees the "daily operations" of DOR. All remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations of this paragraph.

## FACTUAL ALLEGATIONS

51. Deny.

52. With respect to the allegations contained in paragraph 52, the statute speaks for itself and Defendant denies any allegations contrary to the express language of the statute. All remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations of this paragraph.

53. Deny.

54. Deny.

55. Deny all allegations in this paragraph. DOR does not permit clients to change the residential address associated with their driver's license online.

56. Deny all allegations in this paragraph. DOR does not permit clients to change the residential address associated with their driver's license by mail.

57. Admit that DOR clients conduct change-of-address transactions in person at DMV offices. Deny all remaining allegations in this paragraph.

58. Deny.

59. With respect to the allegations contained in paragraph 59, the statute speaks for itself and Defendant denies any allegations contrary to the express language of the statute. Any remaining allegations in this paragraph are legal conclusions to which no response is required.

9

To the extent a response is required, Defendant denies the remaining allegations of this paragraph.

60. Deny.

61. Admit.

62. Admit.

63. Admit that Forms 4317 and 4318 both include a separate form for voter registration at the end. Deny that this requires DOR clients to provide duplicative information. Deny any remaining allegations in this paragraph.

64. Deny.

65. Defendant admits that he received a copy of Plaintiffs' Exhibit A on or about July 6, 2017. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

66. This paragraph contains allegations constituting legal conclusions to which no response is required. To the extent a response is required, Defendant deny these allegations.

67. This paragraph contains allegations constituting legal conclusions to which no response is required. To the extent a response is required, Defendant deny these allegations.

68. Deny.

## CLAIM FOR RELIEF

69. Defendant incorporates by reference herein his responses to all the paragraphs of Plaintiffs' Second Amended Complaint as and for his response to Paragraph 69 of Plaintiffs' Second Amended Complaint.

70. Deny.

71. Deny.

72. Deny.

73. Deny.

## **GENERAL DENIAL**

Defendant denies that Plaintiffs are entitled to any of the relief requested in their Prayer for Relief.

Defendant denies all allegations in Plaintiffs' Second Amended Complaint not specifically admitted herein.

## **AFFIRMATIVE AND OTHER DEFENSES**

Without assuming any burden of proof or persuasion not assigned by law, Defendant asserts the following defenses:

1. Plaintiffs' Second Amended Complaint fails to state causes of action or claims upon which relief may be granted.

2. Plaintiffs lack Article III standing to bring claims for prospective injunctive relief and other remedies, or have failed to establish a live case or controversy, because among other things, (a) the alleged injuries of Plaintiffs are speculative, rather than concrete, particularized, actual, or imminent; and (b) Plaintiffs cannot show any alleged injury is or will be caused by or traceable to any action or inaction of Defendants.

3. Plaintiffs' claims, in whole or in part, are barred by the Eleventh Amendment to the United States Constitution under the doctrine of sovereign immunity.

4. Plaintiffs cannot establish all elements required for injunctive or equitable relief and, among other things, (a) the injunctive or equitable relief requested is hopelessly vague; and (b) implementing and monitoring such proposed remedies would intrude upon principles of comity and federalism.

5. Plaintiffs are not entitled to costs or attorney's fees.

6. Defendant incorporates by reference each and every additional affirmative defense which may be uncovered or made known during the investigation and discovery in this case. Defendant specifically reserves the right to amend his answer to include affirmative defenses at the time they are discovered.

WHEREFORE Defendant requests that this Court dismiss Plaintiffs' Second Amended Complaint with prejudice and award Defendants costs incurred herein, and for such other and further relief as this Court deems just and proper under the circumstances.

Dated: December 14, 2018

Respectfully submitted,

**JOSHUA D. HAWLEY**
Attorney General

/s/ *David D. Dean*
David D. Dean
Assistant Attorney General
Mo. Bar No. 67190
P.O. Box 861
St. Louis, MO 63188
Phone: (314) 340-7950
Fax: (314) 340-7029
david.dean@ago.mo.gov

Ryan Bangert
Deputy Attorney General for Civil Litigation
Mo. Bar No. 69644
207 W. High Street
P.O. Box 899
Jefferson City, MO 65102
Phone: (573) 751-8828
ryan.bangert@ago.mo.gov

*Attorneys for Defendant Joel W. Walters, in his official capacity as the Director of the Missouri Department of Revenue*