IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF MISSOURI, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 2:18-CV-04073-BCW ) |
| JOHN R. ASHCROFT, in his official capacity as Missouri Secretary of State, et al., | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiffs' Motion for Attorneys' Fees. (Doc. #152). The Court, being duly advised of the premises, grants said motion.

## BACKGROUND

On April 17, 2018, Plaintiffs the League of Women Voters, the St. Louis A. Philip Randolph Institute, and the Greater Kansas City A. Philips Randolph Institute ("Plaintiffs") filed claims against Defendants John Ashcroft, Missouri Secretary of State, and Joel Waters, Director of the Missouri Department of Revenue ("Defendants") for violations of Section 5 of the National Voter Registration Act, 52 U.S.C. § 20504 ("NVRA"). (Doc. #1). Plaintiffs subsequently filed an amended complaint. (Doc. #19).

On May 15, 2018, Defendants filed a motion to dismiss for lack of jurisdiction. (Doc. #28). The Court denied the motion on June 21, 2018. (Doc. #60).

On May 18, 2018, Plaintiffs filed a motion for preliminary injunction "to prevent Missouri voters . . . from being disenfranchised in Missouri's August 2018 primary and November 2018

1

general election as a direct result of Defendants' failure to offer the voter registration services required by Section 5 of the [NVRA]". (Doc. #31).

After briefing on this motion, the Court held a hearing on August 8, 2018. On September 21, 2018, the Court entered an Order granting in part and denying in part Plaintiffs' motion. (Doc. #96). The Court found Plaintiffs entitled to preliminary injunction relief, and preliminarily ordered Defendants to undertake immediate specific steps to remediate Missouri's continuing NVRA violations. On September 26, 2018, the Court entered an Amended Order, substantively the same, but including more specifics limiting the remedial efforts ordered, as requested by the parties. (Doc. #98).

On March 30, 2019, the parties filed a Joint Motion to Stay the scheduling deadlines to allow the parties to finalize a settlement agreement "without simultaneously litigating this case." (Doc. #134). The Court granted the motion. (Doc. #135).

On November 21, 2019, Plaintiffs filed a "Stipulation and Proposed Order of Dismissal in Light of the Settlement Agreement," with the settlement agreement attached as an exhibit. (Doc. #149). The filing represents that, among other stipulations, the parties entered into a settlement agreement "fully and finally resolving this action except with respect to Plaintiffs' application for fees, expenses, and costs, which the Settlement Agreement explicitly reserved for resolution by the Court." (Doc. #149).

On December 20, 2019, the Court entered an Order of Dismissal based on review of the Settlement Agreement (Doc. #149-1). The order dismissed the above-captioned action with prejudice, vacated all pending deadlines, vacated the preliminary injunction order (Doc. #98) so that Defendants could fulfill the requirements of the settlement agreement, and directed Plaintiffs

2

Case 2:18-cv-04073-BCW   Document 160   Filed 06/12/20   Page 2 of 12

to file a motion for attorneys' fees pursuant to 52 U.S.C. § 20510(c) on or before January 6, 2020. (Doc. #150).

The motion currently before the Court is Plaintiffs' motion for attorneys' fees. (Doc. #152). Plaintiffs seek attorneys' fees in an amount of $1,143,627.96, plus litigation expenses in an amount of $27,484.15.

## LEGAL STANDARD

Generally, a litigant is required to bear its own attorney fees, and "the prevailing party is not entitled to collect from the loser." Doe v. Nixon, 716 F.3d 1041,1048 (8th Cir. 2013) (citing Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 602 (2001)). However, an exception to this general rule results when explicit statutory authority provides for the award of fees. Id. The Voting Rights Act contains such a provision: "[i]n a civil action under this section, the court may allow the prevailing party (other than the United States) reasonable attorney fees, including litigation expenses, and costs." 52 U.S.C. § 20510(c).

Attorneys' fees are available to successful litigants in civil rights cases to ensure effective access to the judicial process for litigants with meritorious claims. Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). "To obtain 'an award of litigation costs' a party must be a 'prevailing' party, i.e. 'one who has been awarded some relief by the court.'" Rogers Grp., Inc. v. City of Fayetteville, Ark., 683 F.3d 903, 909 (8th Cir. 2012) (citing Buckhannon Bd., 532 U.S. at 603).

The Court of Appeals for the Eighth Circuit has further observed that fee-shifting provisions

> promote diffuse private enforcement of civil rights law by allowing the citizenry to monitor rights violated at their source, while imposing the costs of the rights violations on the violators. A plaintiff bringing a civil rights action does so not for himself alone but also as a private attorney general, vindicating a policy that Congress considered of the highest priority.

[ . . . .]

> In order for such a policy to be effective, Congress felt it appropriate to shift the true full cost of enforcement to the guilty parties to eliminate any obstacle to enforcement. It is intended that the amount of fees awarded under [§ 1988] be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases . . . .

Casey v. City of Cabool, 12 F.3d 799, 805 (8th Cir. 1993) (citing S. Rep. No. 1011, 94th Cong., 2d Sess. 5 (1976), reprinted in 1976 U.S.C.C.A.N. 5908, 5913) (internal citations and quotations omitted); Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 402 (1968).

## ANALYSIS

Plaintiffs seek an award of fees and costs under 52 U.S.C. § 20510(c) of $1,143,627.96 in attorneys' fees and $27,484.15 in expenses. Plaintiffs argue sixteen attorneys, on behalf of three parties, spent 3,563.96 hours in prosecuting their claims against Defendants. Plaintiffs voluntarily reduced the number of hours spent by 502.38 hours, and request travel expenses only for half of the time actually spent for out-of-state counsel to travel to Missouri. Plaintiffs thus argue the total amount sought in the instant motion represents a reasonable fee for the number of hours reasonably expended, multiplied by each attorney's reasonable hourly rate. (Docs. #153, #159).

In opposition, Defendants dispute that Plaintiffs' request for fees and costs sets forth a reasonable amount. Defendants instead assert the amount of attorney time expended in prosecuting this case is unreasonable, and the hourly rates charged by Plaintiffs' attorneys are unreasonable. Defendants assert it is Plaintiffs' burden to substantiate the requested fees and costs, and the record does not establish the amounts requested. Defendants argue Plaintiffs' motion should be denied in its entirety, or, in the alternative, the amount of time Plaintiffs' counsel spent on this case should be reduced by 50% to result in a fee total of $286,862.00. (Doc. #156).

4

The first issue is whether Plaintiffs are a prevailing party under § 20510(c). Rogers Grp., 683 F.3d at 905. Defendants do not dispute, consistent with the parties' settlement agreement, that Plaintiffs are the prevailing party. Thus, unless there are special circumstances rendering an award of fees unjust, the Court may properly award reasonable attorneys' fees to Plaintiffs. Hatfield v. Hayes, 877 F.2d 717, 719 (8th Cir. 1989) (prevailing party should recover fee absent special circumstances).

The parties dispute the amount of reasonable attorneys' fees. Reasonable attorneys' fees are "reasonable compensation, in light of all the circumstances, for the time and effort expended by the attorney for the prevailing party, no more and no less." Blanchard v. Bergeron, 489 U.S. 87, 93 (1989). Reasonable attorney's fees also encompass compensation for paralegal work. Missouri v. Jenkins by Agyei, 491 U.S. 274, 285 (1989).

"The starting point for determining a reasonable attorney fee is the 'lodestar' calculation: that is, the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." White v. McKinley, No. 05-0203-CV-W-NKL, 2009 WL 813372, at *2 (W.D. Mo. Mar. 26, 2009) (citing Hensley, 461 U.S. 424, 433 (1983); Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005)).

The moving party should substantiate the amount of fees requested with documentation, "making a good faith effort to exclude hours that are excessive, redundant or otherwise unnecessary." Id.

The following factors may be relevant in determining the applicable lodestar:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

White, 2009 WL 813372, at *3 (citing United Health Care Corp. v. Am. Trade Ins. Co., Ltd., 88 F.3d 563, 575 n.9 (8th Cir. 1996)).

"There is a strong presumption that the lodestar calculation represents a reasonable fee award." White, 2009 WL 813372, at *3 (citing City of Burlington v. Dague, 505 U.S. 557, 562 (1992)).

In this case, Plaintiffs' request for fees is set forth as follows:

| Name | Firm / Organization | Hours Spent | Voluntarily Reduced Hours Spent | Hourly Rate ($) | Reduced Award Requested ($) |
|---|---|---|---|---|---|
| Anthony Rothert | ACLU MO | 37 | 28.3 | 375 | 10,612.50 |
| Gillian Wilcox | ACLU MO | 82.3 | 28.4 | 300 | 8,520.00 |
| Sarah Brannon | ACLU National | 116.16 | 80.91 | 536 | 43,367.76 |
| Davin Rosborough | ACLU National | 424.98 | 364.57 | 410 | 149,473.70 |
| Chiraag Bains | Demos | 35.95 | 17.15 | 410 | 7,031.50 |
| Allison Boldt | Demos | 408.45 | 383.75 | 346 | 132,777.50 |

6

| Name | Firm | Rate 1 | Rate 2 | Hours | Total |
|---|---|---|---|---|---|
| Pamela Cataldo | Demos | 134.08 | 133.40 | 164 | 21,877.60 |
| Naila Awan | Demos | 810.63 | 719.92 | 352 | 253,411.84 |
| Miranda Galindo | Demos | 130.21 | 89.38 | 352 | 31,461.76 |
| Denise Lieberman | Advancement Project | 252.1 | 191.1 | 563 | 107,589.30 |
| Sabrina Khan | Advancement Project | 99.7 | 57.75 | 410 | 23,677.50 |
| Joshua Picker | Covington & Burling, LLP | 135 | 123.65 | 352 | 43,524.80 |
| Cristina Alvarez | Covington & Burling, LLP | 105.4 | 98.40 | 302 | 29,716.80 |
| Madison Arent | Covington & Burling, LLP | 145.8 | 129.3 | 302 | 39,048.60 |
| Fatmata Kabia | Covington & Burling, LLP | 234.4 | 218.4 | 334 | 72,945.60 |
| Saad Rizwan | Covington & Burling, LLP | 411.8 | 397.2 | 346 | 137,431.20 |

| Paralegals and support staff | Coving & Burling, LLC | 190 | N/A | 164 | 31,160.00 |
| Totals | | 3753.96 | 3251.58 | | 1,143,627.96 |

Defendants argue Plaintiffs are requesting fees that are unreasonable both as to amount of time expended, and as to the hourly rates set forth. Defendants argue Eighth Circuit precedent instructs that a reasonable hourly rate is "the ordinary rate for similar work in the community where the case has been litigated," and "out-of-town rates may be awarded only when a plaintiff is unable to find local counsel able and willing to take the case despite his diligent and good faith efforts." (Doc. #156); Moysis v. DTG Datanet, 278 F.3d 819, 828-29 (8th Cir. 2002); Ladd v. Pickering, 783 F. Supp. 2d 1079 (E.D. Mo. 2001); Emery v. Hunt, 272 F.3d 1042, 1048 (8th Cir. 2001). Defendants thus argue that Plaintiffs have not demonstrated a basis to calculate reasonable fees based on ordinary rates outside the Kansas City community.

**A. The voluntarily reduced total number of hours is reasonable.**

The Court first considers whether Plaintiffs' request for fees is reasonable as it relates to hours reasonably expended in this case. Plaintiffs' motion indicates they expended 3,429.88 hours on this case, in addition to 324.08 hours of paralegal time. Plaintiffs' motion and supporting affidavits demonstrate voluntary reductions to 3,251.58 hours "to avoid redundancy, excessiveness, and billing for unnecessary work." (Doc. #158 at 7).

Plaintiffs voluntarily reduced the number of hours expended by 502.38 by excluding the following from the fee request: (a) compensation for co-counsel during telephone conferences; (b) compensation for attorneys who attended, but did not argue at, the preliminary injunction hearing;

8

(c) compensation for attorneys attending depositions, other than the first and second chair; (d) compensation for attorneys participating in settlement calls, but not taking the lead on such calls; and (e) compensation for participation in conference calls with the Court by those attorneys not taking the lead on the call. (Doc. #153 at 16). Plaintiffs also request that travel time for out-of-town counsel be reduced by 50%.

Though Defendants take issue with some of the records substantiating the time expended by counsel for Plaintiffs and the number of attorneys involved in this case, the Court finds Plaintiffs' voluntarily reduced time expenditures reasonable. With respect to the number of attorneys involved in the case, Plaintiffs have voluntarily reduced their request for compensation to avoid duplicative billing. Therefore, even if sixteen attorneys performed work in this case, Plaintiffs request fees for no more than two attorneys for any task performed. Moreover, even if the motion for fees requested compensation for the actual hours expended by each attorney, multiple attorneys are commonly used in multiple party litigation. A.J. ex rel L.B. v. Kierst, 56 F.3d 849, 863-64 (8th Cir. 1995). The Court thus concludes that Plaintiffs' request for compensation for a total of 3251.58 hours of attorney time is reasonable.

**B. Counsel's hourly rates are reasonable as proportionate with local rates.**

Plaintiffs assert that civil rights litigation may appropriately trigger national market standards for the hourly rate of attorney compensation, as opposed to the general local rate where the case is litigated. Additionally, Plaintiffs argue this case presented specialized issues creating the need for attorneys with experience in NVRA litigation. (Doc. #159 at 4). Defendants argue reasonable fees in this case should be calculated with reference to the average hourly billing rate for attorneys in Missouri in 2017, which was $382. (Doc. #156 at 13) (citing 2017 Billing Rates, Mo. Law Wkly., Aug. 7, 2017, at BR2-BR6). Defendants also argue Plaintiffs have not met their

burden to establish a need for out-of-state counsel with billing rates that are greater than the average hourly rate for Missouri attorneys.

"As a general rule, a reasonable hourly rate is the prevailing market rate, that is, '"the ordinary rate for similar work in the community where the case has been litigated."'" Moysis, 278 F.3d at 828-29 (citing Emery v. Hunt, 272 F.3d 1042, 1947 (8th Cir. 2011). While the base lodestar is the number of hours reasonably expended multiplied by the lawyer's regular hourly rate, the lawyer's regular hourly rate is not automatically reasonable; rather, the Court must consider the "ordinary fee for similar work in the community." Shakopee Mdewakanton Sioux Cmty. v. City of Prior Lake, Minn., 771 F.2d 1153, 1160 (8th Cir. 1985) (citing Avalon Cinema Corp. v. Thompson, 689 F.2d 137 (8th Cir. 1982)). "Congress intended that fee awards be calculated in the same manner for both private counsel and nonprofit legal services organizations." Id. (citing Blum v. Stenson, 465 U.S. 886 (1984)).

"In calculating the reasonable fee, a court must be mindful of Congress' intent to encourage the enforcement of constitutional rights through the award of fees which are adequate to attract competent counsel, but which do not produce windfalls to attorneys." Id. (citing S. Rep. No. 1011, 94th Cong., 2d Sess. 6 (1976), reprinted in 1976 U.S. Code Cong. & Ad. News 5908, 5913). The following factors are relevant in the Court's determination of a reasonable hourly rate:

> the time and labor required; (2) the novelty and difficulty of the legal questions; (3) the skill requisite to handle the case properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Stallsworth v Staff Mgmt. SMX SMX, LLC, No. 2:17-CV-04178-NKL, 2018 WL 2125952, at *2 (W.D. Mo. May 8, 2018) (citing United Health Care Corp. v. Am. Trade Ins. Co., 88 F.3d 563, 575 n.9 (8th Cir. 1996) (citing Hensley, 461 U.S. at 454 at n.3))).

The August 2017 billing rates as set forth in Missouri Lawyers Weekly, which were submitted in connection with local counsel's billing records, indicate the overall average rate per hour for attorney work is $373 in Kansas City, Missouri, with a range from $200 per hour to $550 per hour. (Doc. #153-3). For the state of Missouri, the average hourly rate is $382, with a range from $150 per hour to $905 per hour. The Court notes both because although the preliminary injunction hearing occurred in Kansas City, Plaintiffs filed this case in the Central Division, located in Jefferson City.

In this case, Plaintiffs assert that NVRA cases, and in particular the novel issue of whether Section 5 of the NVRA applies to changes of mailing address, required expertise beyond that locally available. The record in this case supports the specialized nature of the above-captioned action and the inclusion of out-of-state counsel with "substantial voting rights litigation experience." Fish v. Kobach, No. 16-2105-JAR, 2018 WL 3647132, at *7 (D. Kan. Aug. 1, 2018).

"In a case where the plaintiff does not use local counsel, the court is not limited to the local hourly rate, if the plaintiff has shown that, in spite of his diligent good faith efforts, he was unable to find local counsel able and willing to take the case." Emery, 272 F.3d at 1048.

However, the circumstances of this case are not exactly that Plaintiffs were unable to locate local counsel to litigate their claims. Rather, local counsel remained counsel of record, and also contacted out-of-state counsel that had more experience in litigating novel NVRA issues in federal court.

Out-of-state counsel usually performs work in New York City, New York, and in connection with this case, seek fees at a reduced hourly rate. Though out-of-state counsel's NVRA specialized knowledge may justify a higher hourly rate, out-of-state counsel's reduced hourly rates, as set forth in the table above, are within the range of hourly rates for attorney work performed locally. Thus, although out-of-state counsel's specialized knowledge arguably justifies out-of-state rates, the requested hourly rates fall "on the high end of the Kansas City market," and the Court finds the requested hourly rates reasonable on that basis. <u>Fish</u>, 2018 WL 3647132, at *7.

For these reasons, and considering Plaintiffs' success on the merits at the preliminary injunction stage and the time-sensitive nature of the claims, Plaintiffs' voluntary reduction of time to account for duplicative efforts, counsels' relative litigation experience, the novelty of the issues presented under the NVRA, the general importance of the issues presented, and other relevant factors, the Court finds Plaintiffs' fee request reasonable. <u>Hensley</u>, 461 U.S. at 434. Accordingly, it is hereby

ORDERED Plaintiffs' Motion for Attorneys' Fees (Doc. #152) is GRANTED. Plaintiffs are entitled to reasonable fees in a total amount of $1,143,627.96. It is further

ORDERED Plaintiffs are also entitled to non-taxable expenses in the amount of $27,484.15.

IT IS SO ORDERED.


DATE: <u>June 12, 2020</u>

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT
